### SIDNEY SPAULDING *vs.* OWEN M'OSKER.

Where a tenant occupies premises, on an agreement to pay rent therefor, but neither the time of occupation, nor the amount of the rent is agreed on, and the landlord gives him notice to quit immediately, and he assents thereto and acts thereon, the landlord may immediately maintain an action against him for use and occupation, without first demanding payment of the rent.

ASSUMPSIT for use and occupation. Writ dated November 18th 1842.

From the report of *Warren,* J., before whom the trial was had in the court of common pleas, it appeared that " the plaintiff offered evidence tending to prove, that in September or October 1842, the defendant was in the occupancy of the plaintiff's premises, described in his declaration, and then agreed with the plaintiff to pay him rent therefor: That the defendant continued to occupy, as aforesaid, until November 18th 1842, when the plaintiff gave him notice to quit, and commenced this action ; and that the defendant did quit the premises, on said 18th of November, or on the following day. No evidence was offered, tending to show that any agreement was made between the parties, as to the amount of rent to be paid by the defendant, nor when it was to be paid, nor as to the time during which the tenancy should continue.

" The defendant contended, that the plaintiff could not maintain an action for use and occupation, until the expiration of three months from the commencement of the tenancy. But the judge ruled otherwise, and instructed the jury that the plaintiff was entitled to recover what the rent of the premises was reasonably worth, from the time of the agreement, made by the defendant, to pay rent, (if they were satisfied that he made such an agreement,) to the time of the commencement of the action. A verdict was returned for the plaintiff; and to the above ruling and instruction the defendant alleged exceptions."

*J. G. Abbott,* for the defendant. The question is, in effect, whether an action for use and occupation will lie *de die in diem,* where there is a tenancy at will, no time no sum for rent being agreed upon. By Rev. Sts. *c.* 60, § 26, the tenancy cannot be

Spaulding *v.* M'Osker.

ended short of three months' notice; and in a case like that at bar, an action will not lie till the three months have expired. See Bac. Ab. Rent, K. 7. 2 Cruise's Digest, Tit. 28, *c.* 1, § 56. *Cole* v. *Sury*, Latch, 264. *Shury* v. *Brown*, 3 Bulst. 329. 3 Kent Com. (4th ed.) 468. At any rate, an action will not lie till after demand of payment.

*Knowles*, for the plaintiff. As the defendant quitted the premises on notice, it is to be presumed that the time for which he had hired them had elapsed. And if the time had not elapsed, yet as the plaintiff was in possession, he can maintain this action, without previous demand, as he could an action for any other debt due. See *Ellis* v. *Paige*, 1 Pick. 47. *Fitchburg Cotton Manuf. Corp.* v. *Melven*, 15 Mass. 270. 1 Saund. Pl. & Ev. 130, 131.

DEWEY, J. The court are of opinion that it was not necessary to give three months' notice to the defendant, before instituting the action. The ruling of the court of common pleas, upon this point, was right. If the plaintiff gave notice to the defendant, on the 18th of November 1842, to quit the premises, and the defendant assented thereto, and acted thereupon, although he might not actually have removed until the day following; yet these facts would authorize a jury to infer the termination of the contract on the 18th, and the plaintiff might well maintain this action, without a previous demand of payment.

*Exceptions overruled.*